**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4521**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN NAYRON COKER, a/k/a Gotti,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:17-cr-00134-FDW-DSC-12)

Submitted: May 16, 2019                                    Decided: May 20, 2019

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, DENZIL H. FORRESTER, ATTORNEY-AT-LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Nayron Coker pled guilty pursuant to a plea agreement to conspiracy to participate in racketeering activity (RICO conspiracy), in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2012); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012); and two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2012), and was sentenced to 140 months in prison. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the substantive reasonableness of Coker's sentence. Counsel has also filed a motion for permission to withdraw from further representation of Coker. Coker has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

We review sentences for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). Significant procedural errors include improperly calculating the Sentencing Guidelines range, failing to consider the sentencing factors in 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 328-29 (4th Cir. 2009). When a district court explains its sentence, the explanation "need not be elaborate or lengthy," but the district court "must make an individualized assessment based on the facts presented[.]" *Carter*, 564 F.3d at 329-30 (internal quotation marks omitted).

2

Only after confirming the procedural reasonableness of a sentence may we assess its substantive reasonableness. *Gall*, 552 U.S. at 51. To determine substantive reasonableness, we consider the totality of the circumstances, giving due deference to the district court's assessment of the § 3553(a) factors, including whether a sentence would create unwarranted sentencing disparities between defendants with similar records who have been convicted of similar conduct. 18 U.S.C. § 3553(a)(6); *Gall*, 552 U.S. at 51. "A within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, ___ U.S. ___, 137 S. Ct. 2252 (2017). Thus, the defendant bears the burden of rebutting this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). In evaluating the sentence for an abuse of discretion, however, this court "give[s] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60. In fact, we "can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

We conclude that the district court imposed a reasonable, within-Guidelines sentence on this defendant. While district courts are to consider disparities in sentencing when imposing a sentence, *see* 18 U.S.C. § 3553(a)(6), we have expressed doubt whether "a defendant may . . . challenge a sentence on the ground that a co-conspirator was sentenced differently." *United States v. Goff*, 907 F.2d 1441, 1446-47 (4th Cir. 1990)

3

(collecting cases), *superseded on other grounds by* <u>U.S. Sentencing Guidelines Manual</u> app. C amend. 508. Moreover, § 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of coconspirators. *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996) ("To base a defendant's sentence on a co-conspirator's sentence is a short-sighted approach which ignores the Guidelines' attempt to eliminate unwarranted sentencing disparities nationwide."). Also noteworthy is the fact that the comparators to whom Coker points were not similarly situated. Thus, sentencing disparities would be expected and appropriate.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. At this juncture, we deny counsel's motion to withdraw from further representation of Coker. Rather, this court requires that counsel inform Coker, in writing, of his right to petition the Supreme Court of the United States for further review. If Coker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Coker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*